990 F.2d 1266
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Donald L. WRIGHT, Plaintiff-Appellant,
v.
SECRETARY OF THE NAVY, Defendant-Appellee.
 No. 92-15323.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1993.*
Decided April 9, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Donald L. Wright appeals pro se the district court's judgment, after a bench trial, in favor of the Secretary of the Navy and against Wright on Wright's claim that his employment was terminated in retaliation for making a handicap discrimination claim, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e. We have jurisdiction under 28 U.S.C. § 1291. We affirm.
 
 
 3
 Section 704(a) of Title VII provides, in part, that it is unlawful for an employer to discriminate against an employee because the employee has filed a charge under Title VII. 42 U.S.C. § 2000e-3(a). To establish a prima facie case of unlawful retaliation, the employee must show that: (1) he was engaged in a protected activity; (2) he was thereafter subjected by his employer to adverse employment action; and (3) that a causal link exists between the protected activity and the adverse action. Yartzoff v. Thomas, 809 F.2d 1371, 1375 (9th Cir.1987).
 
 
 4
 Once the plaintiff has established a prima facie case, the burden of production shifts to the defendant to articulate a legitimate, nonretaliatory explanation for its employment decision. Miller v. Fairchild Indus., 797 F.2d 727, 731 (9th Cir.1986). The ultimate burden of persuasion remains with the plaintiff. Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981). If the defendant meets its burden of articulating a legitimate, non retaliatory explanation, the mandatory inference of retaliation arising from plaintiff's prima facie case is lost, and the burden of production shifts back to the plaintiff to show that the alleged explanation is a pretext for retaliation. Id. at 255-56.
 
 
 5
 We review de novo the district court's conclusion as to whether Wright has established a prima facie case and review for clear error the district court's underlying findings of fact. Atonio v. Wards Cove Packing Co., 827 F.2d 439, 443 (9th Cir.1987), rev'd on other grounds, 490 U.S. 642 (1989); Sisson v. Helms, 751 F.2d 991, 994 (9th Cir.), cert. denied, 474 U.S. 846 (1985).
 
 
 6
 On June 6, 1982, Wright, a civilian employee, was hired as a warehouse worker under the Veterans' Readjustment Appointment Program. His appointment was temporary and limited to two years, although he was eligible for conversion to permanent status after one year of satisfactory work performance.
 
 
 7
 On March 10, 1984, Wright consulted an Equal Employment Opportunity (EEO) counselor when Wright's supervisor, Mervin Davis, continued to give Wright routine duties after he had been assigned to light duty because of a broken finger. According to the record, the counselor spoke to Davis' supervisor, who then spoke with Davis, and the matter of the light duty assignment was resolved. On July 25, 1984, a fight occurred between Wright and Davis. On July 31, 1984, Wright's temporary employment expired.
 
 
 8
 The district court found Wright had not shown a causal link between his handicap discrimination claim and his termination. Wright contends the district court erred because the fight between Wright and Davis establishes the causal link. He argues that Davis learned of his claim and that as a result a poor working relationship developed between the two men, culminating in the fight. Wright alleges the fight caused his termination.
 
 
 9
 Here, there is no dispute that Wright has established the first two elements of a prima facie case of retaliation. However, Wright, who was represented by counsel in the district court, did not produce any evidence at trial or at the administrative level to establish that the poor working relationship between himself and Davis was caused by Wright's handicap discrimination claim or that Davis provoked the fight for any reason related to Wright's claim. There is also no evidence in the record to show that Wright was terminated because of the fight. Rather, the evidence supports the district court's finding that Davis was the employee disciplined after the fight.
 
 
 10
 Moreover, according to the record, Lieutenant Keith Button made the decision not to renew Wright's appointment without knowledge of the handicap discrimination complaint, without consulting Davis or Davis' supervisor, and without referring to the fight. Button testified that Wright was terminated for poor attendance and due to a reduction in the number of employees. The record establishes that Wright's August 30, 1984 termination was unrelated to the handicap discrimination complaint or the fight.
 
 
 11
 Accordingly, the district court did not err by concluding that Wright failed to establish a prima facie case of retaliation.
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Accordingly, Wright's motion for oral argument is denied. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we agree with the district court's threshold determination that Wright has not established a prima facie case of retaliation, we need not address Wright's contention that the Secretary's explanation for his termination was a pretext for unlawful retaliation