19 F.3d 32
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ludwig VON DER LUHE, Plaintiff-Appellant,
v.
Terrence GOLDEN; United States General Services
Administration, Defendants-Appellees.
 No. 92-56361.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1994.*
Decided March 9, 1994.
 
 Before: SCHROEDER, D.W. NELSON and THOMPSON, Circuit Judges.
 
 
 1
 AMENDED MEMORANDUM**
 
 
 2
 Ludwig Von Der Luhe appeals pro se the district court's judgment, after a bench trial, in favor of the General Services Administration ("GSA") and GSA Administrator Terence Golden in Von Der Luhe's employment discrimination action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e et seq. and the Rehabilitation Act of 1973, 29 U.S.C. Sec. 794. Von Der Luhe contends the district court erred by concluding that he failed to establish a prima facie case of disparate treatment based upon his national origin (German), his speech impediment, or retaliation for bringing a prior lawsuit against the GSA and a work injury claim. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 We review de novo the district court's conclusion that Von Der Luhe failed to establish a prima facie case of discrimination, and its underlying factual findings for clear error. See Atonio v. Wards Cove Packing Co., 827 F.2d 439, 443 (9th Cir.1987) rev'd on other grounds, 490 U.S. 642 (1989); Sisson v. Helms, 751 F.2d 991, 994 (9th Cir.), cert. denied, 474 U.S. 846 (1985). The district court's ultimate finding of no discriminatory intent is reviewed for clear error. Pullman-Standard v. Swint, 456 U.S. 273, 288-90 (1982).
 
 
 4
 Title VII prohibits employers from discharging employees on the basis of national origin, and from retaliating against employees for filing a claim under Title VII. 42 U.S.C. Sec. 2000e-2 to -3; Pejic v. Hughes Helicopters, Inc., 840 F.2d 667, 671 (9th Cir.1988) (national origin); Yartzoff v. Thomas, 809 F.2d 1371, 1375 (9th Cir.1987) (national origin and retaliation), cert. denied, 498 U.S. 939 (1990). The plaintiff bears the initial burden of establishing a prima facie case of employment discrimination. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). To make a prima facie showing of discriminatory discharge, a plaintiff must show that: (1) he is a member of a protected class; (2) he was performing his job in a satisfactory manner; (3) he was discharged; and (4) he was replaced by a person outside the protected class. Pejic, 840 F.2d at 671-72.
 
 
 5
 To establish a prima facie case of retaliation, a plaintiff must demonstrate that (1) he engaged in protected activity, (2) he suffered an adverse personnel action, and (3) there was a causal link between the two. Jordan v. Clark, 847 F.2d 1368, 1376 (9th Cir.1988), cert. denied, 488 U.S. 1006 (1989).
 
 
 6
 To make a prima facie showing of wrongful termination under the Rehabilitation Act, a plaintiff must show that he was an otherwise qualified handicapped individual and that he was discharged because of his handicap. Lucero v. Hart, 915 F.2d 1367, 1371 (9th Cir.1990).
 
 
 7
 At trial, Von Der Luhe was the only witness who testified in his behalf. The record indicates that he was born in Germany, speaks with a German accent, and stammers. He worked for the GSA as a journeyman plumber from October 1972 until his termination in March 1985. His job duties included shutting off fire sprinkler equipment. In May 1982, he was suspended for one day for alleged negligence in causing a flood. In September 1982, the GSA issued a record of infraction charging Von Der Luhe with causing another flood by failing to change a plant watering system back to automatic from the manual setting after he had worked on it. In January 1985, Von Der Luhe failed to shut down the fire sprinkler system so that an independent plumbing contractor could modify the system. The failure to shut down the sprinkler system resulted in another flood, which caused property damage. The GSA terminated Von Der Luhe for gross negligence.
 
 
 8
 At trial, Von der Luhe admitted that he had told the independent contractor that the sprinkler system had been shut down, when in fact it was still on. He failed to present any evidence that he had been performing his job satisfactorily before his discharge. Von der Luhe also failed to present any evidence that he was replaced by a person outside his protected group, or any other evidence suggesting that his termination was related to his national origin, accent, speech impediment, or prior exercise of his rights under Title VII. There is no indication in the record that Von Der Luhe's prior lawsuit against the GSA, stemming from his arrest by the GSA in 1978, or his work injury claim involved the exercise of rights protected by Title VII. Nor does the record contain any evidence suggesting any causal connection between his prior lawsuit or his work injury claim and his termination.
 
 
 9
 Based upon the record before us, we conclude that the district court did not err by concluding that Von Der Luhe failed to establish a prima facie case of discrimination.[1] See McDonnell Douglas, 411 U.S. at 802; Jordan, 847 F.2d at 1376; Hart, 915 F.2d at 1371.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we hold that Von der Luhe failed to establish a prima facie case of discrimination, we need not determine whether the GSA articulated a legitimate, nondiscriminatory reason for Von der Luhe's discharge