83 F.3d 426
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kim D. BAKER, Plaintiff-Appellant,
v.
CITY OF PHOENIX, Defendant-Appellee.
 No. 95-15184.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 10, 1996.*
Decided April 12, 1996.
 
 Before: HALL, THOMPSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kim D. Baker appeals pro se the district court's judgment at trial in favor of the city of Phoenix ("City") rejecting his retaliatory discharge claim filed pursuant to 42 U.S.C. §§ 2000e-3(a) ("Title VII"). We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 We review the district court's conclusion that Baker failed to make out a prima facie case of retaliatory discharge de novo, and its underlying findings of fact for clear error. See Sisson v. Helms, 751 F.2d 991, 994 (9th Cir.), cert. denied, 474 U.S. 846 (1985). To establish a prima facie case, Baker must show that (1) he engaged in activity protected under Title VII, (2) his employer subjected him to an adverse employment action, and (3) the employer's action is causally linked to the protected activity. Jordan v. Clark, 847 F.2d 1368, 1376 (9th Cir.1988), cert. denied, 488 U.S. 1006 (1989). Baker must establish a causal link under this test by producing evidence "sufficient to raise the inference that [his] protected activity was the likely reason for the adverse action." Cohen v. Fred Meyer, Inc., 686 F.2d 793, 796 (9th Cir.1982).
 
 
 4
 Baker argues that the district court erred by giving insufficient weight to the findings and conclusions made by the Equal Employment Opportunity Commission (EEOC) and the Arizona Department of Economic Security (ADES) during administrative hearings into Baker's retaliation claim. In both instances, the agencies determined that there was reasonable cause to believe that the City discharged Baker for filing previous employment grievances against the City.
 
 
 5
 This court has established, however, that it is well within the trial court's discretion to determine the weight to be accorded such administrative proceedings. See Bradshaw v. Zoological Soc. of San Diego, 569 F.2d 1066, 1069 (9th Cir.1978) ("[i]t remains with the district court, of course, to determine the degree of weight to be assigned to [EEOC determinations]").
 
 
 6
 In the present case, both administrative agencies based their reasonable cause conclusions on testimony suggesting that Baker and a colleague, Warren Evans, were treated differently for the same infraction. At trial, however, the district court heard testimony that undermined the probative value of both administrative determinations.
 
 
 7
 Specifically, the EEOC investigator admitted on cross-examination at trial that he had not determined whether any of the supervisors responsible for Baker's termination knew about Evans' participation in the infraction at the time of Baker's dismissal. The investigator also testified that he interviewed only one of the three supervisors responsible for Baker's termination and never spoke to Evans to determine the credibility of his testimony.
 
 
 8
 In addition, the ADES hearing examiner testified that his hearing into Baker's claim lasted only one hour and that the state unemployment insurance law he applied required him to construe liberally the law and the facts to grant benefits to Baker and narrowly to deny them. He also stated that under the applicable state regulations, the burden of proof rested on the City to establish that the termination was for disqualifying reasons. Under these standards, the ADES examiner concluded that Baker was terminated for reasons other than work-related misconduct.
 
 
 9
 As demonstrated by this record, the district court heard more than enough evidence at trial to discount the probative value of the administrative hearings into Baker's claim. The district court had the discretion to determine that its own factual findings at trial were more thorough and reliable than the testmony presented during the EEOC hearing, and that the differing legal standards applied by the ADES examiner diminished that report's value to Baker's present claim. See Plummer v. Western Int'l Hotels Co., Inc., 656 F.2d 502, 505 n. 9 (9th Cir.1981) (evidence refuting EEOC findings may go to weight given by trier of fact to EEOC determination).
 
 
 10
 Given the district court's discretion to determine the probative value of the administrative proceedings below, we conclude that Baker failed to produce any evidence sufficient to raise the inference that his previous grievances were the reason for his termination and that he therefore failed to make out a prima facie case of retaliatory discrimination. See Cohen, 686 F.2d at 796.
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In his reply brief, Baker asks this court to consider evidence never admitted at trial. We cannot do so and accordingly grant the City's Motion to Strike. See Fed.R.App.P. 10(a)