122 F.3d 1070
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James Earl CONERLY, Plaintiff-Appellant,
v.
Marvin T. RUNYON, Jr.* Postmaster General of
the United States; United States of America;
United States Postal Service; Michael
Hopper; Joyce Ong; Robert
Funge, Defendants-Appellees.
 No. 96-16092.
 United States Court of Appeals, Ninth Circuit.
 Submitted August 25, 1997***
Aug. 27, 1997.
 
 Appeal from the United States District Court for the Eastern District of California, D.C. No. CV-90-01106-WBS; William B. Shubb, District Judge, Presiding.
 Before: SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James Earl Conerly appeals pro se the district court's summary judgment dismissal of his action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, the Rehabilitation Act, 29 U.S.C. § 791, and 42 U.S.C. §§ 1981 & 1985 against the Postmaster General ("Postmaster"), the United States, and individual postal employees. Conerly alleged that defendants discriminated against him on the basis of his race, religion, and disability, and retaliated against him for filing Equal Employment Opportunity complaints when the Postmaster reassigned him to a graveyard shift following a work-related injury. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the district court's grant of summary judgment. See Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. See id.
 
 
 4
 First, Conerly contends that the district court erred by dismissing his 42 U.S.C. §§ 1981 & 1985 claims against the individual defendants as untimely because the equitable tolling doctrine applies and Conerly's second amended complaint naming the individual defendants relates back to his original complaint. This contention lacks merit.[1]
 
 
 5
 Here, the Postmaster notified Conerly on May 8, 1989 that he would be reassigned to the graveyard shift. Because Conerly did not file his complaint until May 30, 1990, his claim is time-barred. See Taylor v. Regents of the Univ. of Cal., 993 F.2d 710, 711 (9th Cir.1993) (per curiam) (applying California's one-year statute of limitations to actions under 42 U.S.C. §§ 1981 & 1985). Therefore, Conerly's argument that the statute of limitations should be equitably tolled and that his second amended complaint naming the individual defendants should relate back to his original complaint does not salvage his action because the original complaint was untimely. See id. Accordingly, the district court did not err by granting summary judgment on Conerly's 42 U.S.C. §§ 1981 & 1985 claims against the individual defendants. See Bagdadi, 84 F.3d at 1197.
 
 
 6
 Second, Conerly contends that the district court erred by granting summary judgment for the Postmaster on his Title VII claim because Conerly made out a prima facie case of discrimination based on disparate treatment, retaliation, and hostile environment. This contention lacks merit.
 
 
 7
 Here, because Conerly has not submitted any evidence that others outside of his protected class were treated more favorably, he cannot establish a prima facie case of disparate treatment. See Washington v. Garrett, 10 F.3d 1421, 1433 (9th Cir.1994).[2] Second, Conerly's retaliation claim fails because Conerly has failed to rebut the Postmaster's legitimate non-discriminatory reasons for assigning Conerly to the graveyard shift. See Wallis v. J.R. Simplot Co., 26 F.3d 885, 889 (9th Cir.1994). Last, Conerly has adduced no evidence to support his hostile work environment claim. See Sischo-Nownejad v. Merced Community College Dist., 934 F.2d 1104, 1109 (9th Cir.1991). Accordingly, the district court did not err by granting summary judgment for the Postmaster on Conerly's Title VII claim. See Bagdadi, 84 F.3d at 1197.
 
 
 8
 Third, Conerly contends that the district court erred by granting summary judgment for the Postmaster on his Rehabilitation Act claim because Conerly made out a prima facie case of discrimination. This contention lacks merit.
 
 
 9
 Here, Conerly has not established that he was assigned to the graveyard shift solely because of his disability. See Sisson v. Helms, 751 F.2d 991, 992-93 (9th Cir.1985). Moreover, even if he had established a prima facie case of discrimination, the Postmaster has articulated legitimate nondiscriminatory reasons for the employment decision. See id. Accordingly, the district court did not err by granting summary judgment for the Postmaster on Conerly's Rehabilitation Act claim. See Bagdadi, 84 F.3d at 1197.
 
 
 10
 Last, we reject Conerly's contention that the district court erred by not granting him a jury trial because Conerly's action was filed before November, 1991, when Congress first established a right to jury trials of employment discrimination claims against federal agencies. See Landgraf v. USI Film Prods., 511 U.S. 244, 280-81 (1994); Chenault v. United States Postal Serv., 37 F.3d 535, 538 (9th Cir.1994).
 
 
 11
 AFFIRMED.
 
 
 
 *
 Marvin T. Runyon, Jr., replaced Anthony M. Franks as Postmaster General in 1993 and is substituted as defendant-appellee pursuant to Fed. R.App. P. 43(c)(1)
 
 
 **
 * The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Conerly's motion to supplement the record on appeal is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 In his opening brief, Conerly also contends that the district court erred by dismissing his 42 U.S.C. §§ 1981 & 1985 claims against the United States. Because he offers no legal argument in support of this contention, he has waived his appeal of this issue. See Northwest Acceptance Corp. v. Lynnwood Equip. Inc., 841 F.2d 918, 924 (9th Cir.1988). Moreover, Conerly's second amended complaint does not name the United States as a defendant with regard to his 42 U.S.C. §§ 1981 & 1985 actions
 
 
 [2]
 In his opening brief, Conerly argues that three white employees were treated more favorably than he. Because Conerly raises this argument for the first time on appeal, we do not consider it. See Pacific Express, Inc. v. United Airlines, Inc., 959 F.2d 814, 819 (9th Cir.1992)