**Mary KILROY–DUGAS, Plaintiff,**

v.

**Marvin T. RUNYON, United States
Postmaster General,
Defendant.**

**No. 96–CV–72326–DT.**

United States District Court,
E.D. Michigan,
Southern Division.

Feb. 19, 1998.

Charles M. Lowther, Dale Schneider, Lowther & Schneider, Southfield, MI, for Plaintiff.

Karen Gibbs Ernst, Asst. U.S. Attorney, Detroit, MI, for Defendant.

## OPINION AND ORDER

FEIKENS, District Judge.

Plaintiff brought this action for discrimination based on physical handicap, under the Rehabilitation Act of 1973 (as amended 1990), 29 U.S.C. § 794 ("Act"). Before me is defendant's motion for summary judgment as a matter of law. Summary judgment must issue when there is no genuine issue as to any material fact, based on the pleadings, depositions, answers to interrogatories, and admissions of the parties, together with any affidavits. FED.R.CIV.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 585–86, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Movant has the burden of proving there is no genuine issue as to any material fact. *Id.* Once movant meets this burden, the nonmovant "must set forth specific facts showing that there is a genuine issue for trial." FED.R.CIV.P. 56(e).

However, under *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), plaintiff has the burden of establishing a prima facie case of disparate treatment in an employment discrimination action. *Id.* at 802, and defendant must then articulate a legitimate, non-discriminatory reason for its behavior. Plaintiff may rebut defendant's explanation by demonstrating that defendant's argument is pretextual.

In this case, plaintiff's action fails as a matter of law because she did not meet her burden to set forth facts demonstrating a genuine issue for trial for three reasons. First, plaintiff did not show a prima facie case of handicap discrimination. Second, defendant articulated a legitimate, non-discriminatory reason for its challenged employment action. Third, plaintiff provided no evidence to show that defendant's asserted legitimate, non-discriminatory reason is pretextual.

■ To establish a prima facie case of discrimination under the Act plaintiff must prove 1) that she applied for a job for which defendant, a federal employer, sought applicants, 2) that she is qualified for the position in spite of her handicap under all criteria except the physical criteria being challenged, 3) that she has a handicap that prevents her from meeting the physical criteria for employment, 4) that the physical standards which must be met as a condition of employment for the position have a disproportionate impact on persons suffering from plaintiff's handicap, 5) that despite her qualifications her application was rejected, and 6) that the position remained open and the employer continued to seek applicants from persons who did not have the plaintiff's handicap. *Sisson v. Helms,* 751 F.2d 991, 992–93 (9th Cir.1985).

■ Although plaintiff established that she applied for a job for which defendant sought applicants, and that defendant was aware of her disability, plaintiff failed to establish that she is qualified for the position. To remove her probationary status and attain the position sought, plaintiff had to pass a test ("scheme") involving memorization of addresses on various postal routes. Plaintiff never passed the scheme, despite defendant administering the scheme to plaintiff several times, Plaintiff's disability involves her knee, and has no demonstrated effect on her mental ability to pass the scheme. Plaintiff's failure to pass the memorization scheme makes her unqualified for the position she seeks. Thus, plaintiff did not prove that she is qualified for the position sought in spite of her physical handicap, and consequently, plaintiff cannot establish a prima facie case of discrimination under the Act.

Had plaintiff passed the exam, defendant would have no reason to discharge plaintiff. Defendant's claim that it terminated plaintiff because she failed to pass the scheme constitutes a legitimate, non-discriminatory reason for rejecting plaintiff. Plaintiff's failure to satisfy the position prerequisite of passing the scheme is not connected to her physical disability, inasmuch as passing the scheme is a mental task, and the only barrier to plaintiff attaining the desired position of mail handler.

Plaintiff failed to produce any evidence indicating that defendant's articulated reason for plaintiff's discharge was pretextual. Therefore, plaintiff failed to rebut defen-

dant's asserted legitimate, non-discriminatory reason for discharging plaintiff.

For the reasons stated herein, movant is entitled to summary judgment as a matter of law under FED.R.CIV.P. 56(c) & (e). Defendant's motion for summary judgment is hereby granted. Having addressed the merits of this case and having granted defendant's motion for summary judgment, this court finds discussion of the FED.R.CIV.P. 15(c) issue unnecessary.

**IT IS SO ORDERED.**