Carl Hugh BLOESER, Plaintiff–Appellant,

v.

Dale Prescott DURBIN; United States Army; United States of America; Joseph W. Westphal,* Acting Secretary of the Army, in his official capacity; John Does, Defendants–Appellees

No. 99–17609.

D.C. No. CV–98–00170–WFN.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 13, 2001.

Decided May 3, 2001.

---

* Joseph W. Westphal is substituted for his predecessor, Robert M. Walker, as Acting Secretary of the Army. Fed. R.App. P. 43(c)(2).

488

Before BEEZER, O'SCANNLAIN, and W. FLETCHER, Circuit Judges.

## MEMORANDUM **

Carl Hugh Bloeser appeals the judgment of the district court granting the motion to dismiss filed by the United States, Dale Prescott Durbin, the United States Army and the Acting Secretary of the Army (collectively, the "defendants"), which the district court treated as a motion for summary judgment. The facts and prior proceedings are known to the parties; they are not recited herein, except as necessary.

## I

Bloeser argues that the district court's grant of summary judgment to the defendants was in error, because the district court granted the motion before it afforded him adequate access to discovery. He argues that the district court denied him access to discovery when it failed to acknowledge that the Army's off-base surveillance of him violated the Posse Comitatus Act ("PCA"), 18 U.S.C. § 1385.[1] Bloeser argues that this alleged violation of the PCA entitled him to invoke the attorney-client privilege's crime-fraud exception, and that the district court should have ordered the Army lawyer who invoked the privilege to answer his questions.

■■■ A party seeking to invoke the crime-fraud exception must establish "reasonable cause to believe that the attorney's services were utilized in furtherance of the ongoing unlawful scheme." *United States*

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. "The PCA prohibits Army and Air Force military personnel from participating in civilian law enforcement activities." *United States v. Chon,* 210 F.3d 990, 993 (9th Cir. 2000).

*v. Chen,* 99 F.3d 1495, 1503 (9th Cir.1996) (quoting *In re Grand Jury Proceedings (The Corporation* ), 87 F.3d 377, 381 (9th Cir.1996)). Bloeser failed to present to the district court any credible or relevant evidence to support his allegations of unlawful surveillance. In contrast, the defendants offered declarations from Army officials stating that Bloeser had never been the target of such an off-base investigation. Bloeser did not satisfy his obligation to show reasonable cause to believe that a PCA violation had occurred, and the district court correctly held that the crime-fraud exception did not apply.

Similarly, Bloeser's contention that he stated a viable claim of illegal surveillance under *Laird v. Tatum,* 408 U.S. 1, 92 S.Ct. 2318, 33 L.Ed.2d 154 (1972), must fail. In *Laird,* the Supreme Court held that plaintiffs who did not claim "specific present objective harm or a threat of specific future harm" did not have standing to challenge Army intelligence-gathering practices. *Id.* at 13–14. Like the plaintiffs in *Laird,* Bloeser failed to demonstrate how the alleged surveillance of him caused present objective harm, or how it posed a threat of specific future harm. He cannot rely on *Laird* to establish the reasonable cause needed to invoke the crime-fraud exception.

## II

■ Bloeser also argues that the district court committed reversible error when it denied his motions to compel discovery and his motions for discovery sanctions. Bloeser argues that when the district court denied these motions, it prevented him from obtaining ten categories of evidence, but on appeal, Bloeser does not contest the district court's rulings pertinent to these categories of evidence. Instead, he argues that he was unable to find the specific evidence he was looking for because the government files made available to him were voluminous. Bloeser raised this objection below, and the district court ruled that the defendants complied with Bloeser's discovery requests to the extent practicable. A district court has "wide latitude in controlling discovery, and its rulings will not be overturned in the absence of a clear abuse of discretion." *Volk v.. V.A. Davison & Co.,* 816 F.2d 1406, 1417 (9th Cir.1987). In light of Bloeser's failure to explain how any of the district court's evidentiary rulings were erroneous, we cannot conclude that the district court committed a clear abuse of discretion when it denied his discovery motions.

## III

Bloeser also argues that the district court denied him access to relevant evidence when it allowed a single government lawyer to represent Durbin, as well as the other defendants. The district court rejected Bloeser's contention that this dual representation created a conflict of interest, or that the arrangement unlawfully blocked Bloeser's access to evidence. On appeal, Bloeser does not provide any legal authority to support his argument that this arrangement was unlawful, and we conclude that the district court did not abuse its discretion when it permitted the same government lawyer to represent all of the defendants.

## IV

■ Bloeser's final argument is that the district court improperly granted summary judgment to the defendants on his Rehabilitation Act discrimination claim. Specifically, he argues that the court should have applied the continuing violation doctrine when it determined that he did not meet the deadline for presenting a complaint to the Fort Huachuca equal opportunity office. A plaintiff must exhaust his administrative remedies before filing a lawsuit asserting a Rehabilitation Act

**490**

claim. *Boyd v. U.S. Postal Serv.,* 752 F.2d 410, 413–14 (9th Cir.1985). To exhaust his administrative remedies, Bloeser was obligated to "consult an [equal opportunity counselor] prior to filing a complaint in order to try to informally resolve the matter.... within 45 days of the date of the matter alleged to be discriminatory ...." 29 C.F.R. § 1614.05(a)-(a)(1). Bloeser does not dispute the defendants' assertions that he was a temporary employee, that his position terminated on February 9, 1992, and that he contacted the Fort Huachuca equal opportunity office for the first time on September 27, 1995. Had Bloeser stated a viable claim under the Rehabilitation Act, and had the continuing violation doctrine applied to the facts of his case, the doctrine might have permitted him to satisfy the 45–day limitations period of § 1614.105(a)(1). The continuing violation doctrine applies only if "events occurring outside the limitations period ... represent an ongoing unlawful employment practice." *Anderson v. Reno,* 190 F.3d 930, 936 (9th Cir.1999). Here, Bloeser failed to establish a prima facie case of discrimination occurring inside or outside the limitations period, because he did not show that he applied for an open position for which he was qualified. *See Sisson v. Helms,* 751 F.2d 991, 992–93 (9th Cir.1985) ("A handicapped person seeking relief ... must prove ... One. That he applied for a job for which a federal employer was seeking applicants.... Two. That he is qualified for the position ....").

The district court properly granted summary judgment to the defendants on Bloeser's Rehabilitation Act claim, and it correctly concluded that he could not benefit from the continuing violation doctrine.

AFFIRMED.