[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

----------------------------------------

No. 05-10211
Non-Argument Calendar

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 19, 2005
THOMAS K. KAHN
CLERK

D.C. Docket No. 04-02172-CV-RWS-1

GINA LYNN WATERS,

Plaintiff-Appellant,

versus

HOME DEPOT U.S.A., INC.,

Defendant-Appellee.

-----------------------------------------------------------------

Appeal from the United States District Court
for the Northern District of Georgia

-----------------------------------------------------------------

(December 19, 2005)

Before EDMONDSON, Chief Judge, BIRCH and BARKETT, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Gina Lynn Waters appeals the district court's dismissal

of her complaint alleging that her former employer, Home Depot U.S.A., Inc.

("Home Depot"), retaliated against her, in violation of Title VII, 42 U.S.C. § 2000e-3. No reversible error has been shown; we affirm.

Plaintiff's complaint stated that Home Depot terminated her employment in April 2002; Plaintiff then filed an EEOC claim against Home Depot alleging discrimination.[1] After the termination of Plaintiff's employment, she purchased an interest in Buzy Bee, a company operated by her associate, Karen Warner. Before Plaintiff purchased her interest, Buzy Bee had a cleaning services contract with Home Depot. On 13 February 2004, Home Depot terminated the Buzy Bee contract. Plaintiff alleged that Home Depot, to retaliate against her for her pending discrimination complaint, terminated the contract when it discovered her interest in Buzy Bee. The district court dismissed Plaintiff's complaint for failure to state a claim because Home Depot had committed no act that negatively impacted on Plaintiff's employment.

Plaintiff argues on appeal that Home Depot's termination of the Buzy Bee contract is an adverse employment act under Title VII. She maintains that she and her company were hired to perform cleaning services for Home Depot, that these

---

[1] Plaintiff later filed an employment discrimination action in district court against Home Depot. The appeal in that case is addressed in Waters v. Home Depot U.S.A., Inc., 05-10212.

services constituted employment, and that Home Depot terminated this employment when it cancelled the contract.

We review de novo a district court's order granting a defendant's Fed.R.Civ.P. 12(b)(6) motion to dismiss. Kirwin v. Price Commc'ns Corp., 391 F.3d 1323, 1325 (11th Cir. 2004). In doing so, we accept as true the fact allegations in a plaintiff's complaint. Id.

Title VII prohibits retaliation against employees--including former employees--when the employee has filed a charge of discrimination against the employer. See 42 U.S.C. § 2000e-3(a); Robinson v. Shell Oil Co., 117 S.Ct. 843, 849 (1997). But to be actionable under Title VII's anti-retaliation provision, the former employee must show that she suffered an adverse employment act. See Harper v. Blockbuster Entm't Corp., 139 F.3d 1385, 1388 (11th Cir. 1998) (affirming district court's dismissal of Title VII retaliation claim and setting out elements of retaliation claim). To constitute an adverse act, an employer's post-termination activities must work a serious and material change in the former employee's terms and conditions of employment. See Davis v. Town of Lake Park, Fla., 245 F.3d 1232, 1239 (11th Cir. 2001); Nelson v. Upsala Coll., 51 F.3d 383, 387-89 (3d Cir. 1995) (rejecting a former employee's retaliation claim because employer's act had no impact on former employee's actual or proposed

3

employment).  And the asserted impact cannot be speculative: it "must at least have a tangible adverse effect on the plaintiff's employment."  Davis, 245 F.3d at 1239.

Here, even accepting all of the allegations in Plaintiff's complaint as true, we do not see how Home Depot's post-termination acts had a tangible adverse effect on her employment.  Plaintiff claimed only that Home Depot retaliated against her by terminating the contract with Buzy Bee, a company in which she owns an interest.  This act may have had an adverse effect on Plaintiff's business investment interests.  But Plaintiff cannot show that the termination of the Buzy Bee contract worked a serious and material change in the terms and conditions of her current or prospective employment.

Plaintiff further asserts that, under Swierkiewicz v. Sorema N.A., 122 S.Ct. 992 (2002), she did not need to state every fact to plead an adequate Title VII retaliation claim.  The Supreme Court has stated that an employment discrimination complaint need not include facts establishing a prima facie case of discrimination under Title VII; instead, the complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Swierkiewicz, 122 S.Ct. at 995.  But the Supreme Court also wrote that a court may grant a motion to dismiss "if it is clear that no relief could be granted under

4

any set of facts that could be proved consistent with the allegations." Id. at 998 (citation and quotation marks omitted). Plaintiff has failed to show that Home Depot's acts resulted in a tangible adverse effect on her employment: we conclude that no relief could be granted under any set of facts that could be proved consistent with Plaintiff's allegations of retaliation. The district court committed no error in dismissing Plaintiff's retaliation complaint.

AFFIRMED.