[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-14507
Non-Argument Calendar

_____

**FILED**

**U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 19, 2005
THOMAS K. KAHN
CLERK**

D. C. Docket No. 04-00031-CV-WCO-2

GREGORY MURPHY,

Plaintiff-Appellant,

versus

TONY TURPIN,
WEILER,
DAVIS,
BLACKWELL,
NICHOLS, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(December 19, 2005)**

Before TJOFLAT, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Gregory Murphy, a Georgia state prisoner proceeding pro se, appeals the district court's dismissal, pursuant to 28 U.S.C. § 1915A, of his 42 U.S.C. § 1983 action in which he asserted constitutional violations based on the defendants' failure to protect him from an attack by a fellow inmate, failure to intervene during the attack, and failure to provide adequate medical care in a timely fashion after the attack. On appeal, Murphy argues that the district court erred by sua sponte dismissing his action for failure to state a claim because he had alleged facts sufficient to show the defendants had been deliberately indifferent. We review a district court's sua sponte dismissal of an action for failure to state a claim under § 1915A de novo. Harden v. Pataki, 320 F.3d 1289, 1292 (11th Cir. 2003). After careful review, we affirm in part and reverse and remand in part.

We summarize the facts Murphy alleged in his complaint, which, at this stage, we assume are true.[1] After Murphy had a disagreement with his cellmate, inmate Neisler, who had exhibited violent behavior and was in possession of a "shank," Murphy informed other inmates and correctional officers that he felt he was in danger and requested several times that Neisler be moved to another dorm. In response, defendants Officers Blackwell and Davis searched Neisler and his possessions and confiscated the "shank," but took no further disciplinary action.

---

[1] See Hughes v. Lott, 350 F.3d 1157, 1159-60 (11th Cir. 2003) (on review of district court's sua sponte dismissal for failure to state a claim, pursuant to § 1915(e)(2)(B)(ii), we view allegations of complaint as true).

After speaking to Sergeant Clark concerning the need for further action against Neisler, Murphy was transferred to another dorm, but only for one night.

Thereafter, one of Neisler's friends, inmate Ricky Thomas, approached Murphy to discuss the situation between Murphy and Neisler. After Murphy told Thomas it was none of his business, the confrontation became violent when Thomas started to punch Murphy and then placed him in a "bear hug." Thomas then put Murphy in a "choke-hold" and told Murphy "Today is the day you gonna die white boy." Murphy alleges in his complaint that at some point during the altercation, "Defendant [Officer] Weiler came into the room, and start[ed] yelling at everyone to get back. Next thing that Plaintiff knows, is that he's being handcuffed, and just barely breathing. . . . Defendant Weiler just stood by while the Plaintiff was being injured, and near death." Other inmates then broke past Officer Weiler and performed CPR, as Murphy had stopped breathing.[2]

Murphy suffered a bruised and swollen neck from the fight. After the attack, Murphy was taken to the infirmary where he spoke to an unknown doctor about his injuries and stated that he recently had undergone major back surgery. After

---

[2]After the filing of his complaint, but prior to when the district court issued its dismissal order, Murphy filed a motion to stay his proceedings while he obtained legal assistance. To this motion, Murphy attached a more detailed statement of facts. The additional facts included the following, inter alia: (1) while the fight was in progress, Officer Weiler arrived and, assisted by another officer, started backing the other inmates away from the fight; (2) Weiler and the other officer refused to let anybody stop the fight and stood by and watched; and (3) fellow inmates had to break past Weiler and the other officer, in order to stop the fight themselves and perform CPR to keep Murphy alive.

examining Murphy, the doctor gave him some over-the-counter medication for pain. Sergeant Maher then placed Murphy in isolation, where he remained for two days without further medical attention. While in isolation, Murphy alleges that he suffered dizziness and disorientation, and again stopped breathing.

According to Murphy, as a result of Officer Weiler's inaction at the scene of the fight and the other officers' failure to protect Murphy prior to the fight and provide adequate medical treatment after the attack, his pre-existing back injury worsened. Along with declaratory relief, Murphy requested damages in the amount of $2,000,000 for permanent damage to his back.

The district court sua sponte dismissed Murphy's complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915A, holding that Murphy had failed to show any of the following: (1) that the prison officials knew there was a heightened danger of injury from inmate Thomas; (2) that the prison officials acted with a culpable state of mind by refusing to move inmate Neiler to another dorm; (3) that the prison officials were "deliberately indifferent when they arrived at Plaintiff's cell and did not immediately stop the fight"; or (4) that the medical officers were deliberately indifferent to his injuries. This appeal followed.

Section 1915A requires a court to review a prisoner's civil complaint against a governmental entity or officer before or soon after docketing the case to determine whether the case is frivolous, fails to state a claim, or seeks monetary

4

relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(a), (b)(1), (b)(2). A district court should not dismiss a complaint for failure to state a claim "unless it appears beyond doubt that the prisoner can prove no set of facts in support of his claim which would entitle him to relief." Harmon v. Berry, 728 F.2d 1407, 1409 (11th Cir. 1984). In screening a complaint under § 1915A, the district court is required to review the action and identify cognizable claims. See 28 U.S.C. § 1915A(b). In doing so, the district court must pierce the veil of the complaint and examine the underlying factual allegations. See Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989) (applying 28 U.S.C. § 1915(d)). All allegations in the complaint must be viewed as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004). Pro se pleadings are not held to the stringent standard of pleadings drafted by an attorney, but instead are liberally construed. See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

Section 1983 provides a civil cause of action for "a claimant who can prove that a person acting under color of state law committed an act that deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States." Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995) (citing 42 U.S.C. § 1983). There must be "proof of an affirmative causal connection between the official's acts or omissions and the alleged

5

constitutional deprivation." Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986).

The Eighth Amendment prohibits the infliction of cruel and unusual punishment. See U.S. Const. amend. VIII. "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825, 828-29, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). Accordingly, prison officials have a duty to protect prisoners from each other. Id. at 833, 114 S. Ct. 1970; Zatler, 802 F.2d at 400 (holding that inmates have "a constitutional right to be protected from the constant threat of violence and from physical assault by other inmates"). In order to constitute "deliberate indifference," the prison official must have subjective knowledge of the risk of serious harm, and must nevertheless fail to reasonably respond to the risk. Farmer, 511 U.S. at 837-38, 114 S. Ct. 1970. A prison official must also have a sufficiently culpable state of mind to be deliberately indifferent. Carter v. Galloway, 352 F.3d 1346, 1349 (11th Cir. 2003).

Here, we readily conclude the district court did not err by dismissing Murphy's failure-to-protect charge for failure to state a claim. While Murphy alleged he requested protection from certain inmates and that the defendants knew about his request for protection from his original cellmate, prisoner Neisler, he did not allege that the defendants had notice that he was in danger from Thomas, the

6

inmate who attacked him. Simply put, the allegations of Murphy's complaint do not show the requisite subjective knowledge of a risk of serious harm, and, thus, do not state a claim for deliberate indifference resulting from a failure to protect from the attack by Thomas. Put another way, because Murphy alleged no facts indicating that any officer was aware of a substantial risk of serious harm to him from Thomas and failed to take protective measures, his claim fails. Cf. Marsh v. Butler County, 268 F.3d 1014, 1027 (11th Cir. 2001) (en banc) (observing that "officials, to be liable [for violating the Eighth Amendment], must be aware of a substantial risk of serious harm to the inmates and not take reasonable measures to alleviate that risk"). Accordingly, the district court did not err by dismissing the failure-to-protect portion of Murphy's case.

We reach a different conclusion, however, as to the claim based on Officer Weiler's alleged failure to intervene while watching the attack on Murphy. The district court concluded that Murphy failed to allege a claim for deliberate indifference based on Weiler's conduct after he arrived at Murphy's cell and did not stop the fight. The court found that this conduct amounted to only negligence and, accordingly, was insufficient to attach liability for deliberate indifference.

Liberally construing Murphy's pro se complaint, and taking all of its factual allegations as true, Murphy, at a minimum, asserted a facially satisfactory claim for deliberate indifference, sufficient to avoid a § 1915A dismissal, based on Weiler's

7

conduct. Weiler's alleged failure to intervene, standing by in the face of an inmate disturbance that he observed, particularly one which Murphy alleges resulted in his loss of oxygen and necessitated CPR treatment, may constitute deliberate indifference to a substantial risk of serious harm. Unlike the threat alleged from the failure to protect him from inmate Thomas, the threat alleged as a result of Weiler's failure to intervene after Thomas threatened to kill Murphy, and only after the fight broke out, may, if proved, satisfy the subjective element of a deliberate-indifference claim.[3] Cf. Stubbs v. Dudley, 849 F.2d 83, 85-86 (2d Cir. 1988) (discussing deliberate-indifference standard in context of 42 U.S.C. § 1983 claim based on failure to protect inmate from injuries caused by fellow inmates); see also Mackay v. Farnsworth, 48 F.3d 491, 492-93 (10th Cir. 1995) (finding no deliberate indifference by prison officials who failed to physically intervene in fight between plaintiff inmate and another inmate). Accordingly, we reverse the district court's dismissal of the failure-to-intervene claim and remand for further consideration.

In summary, we reverse only the district court's dismissal of Murphy's claim alleging that Officer Weiler was deliberately indifferent by failing to

_____

[3]We emphasize the narrow scope of our holding -- at this early stage in the proceedings, we are not saying that Murphy has a valid claim, but rather only that he has alleged enough to survive a § 1915A review.

intervene in the attack by inmate Thomas that Weiler allegedly observed. We affirm the dismissal of all other claims.[4]

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**

---

[4]We can find no error in the district court's dismissal of Murphy's claim based on denial of medical care. To state such a claim, a plaintiff must show that the defendant had subjective knowledge of a serious risk, and disregarded that risk in a way that goes beyond mere negligence. Cagle v. Sutherland, 334 F.3d 980, 987 (11th Cir. 2003). "Where a prisoner has received . . . medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in tort law." Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985) (quotation marks and citations omitted). Thus, where an inmate receives medical care, but desires a different mode of treatment, the care provided does not amount to deliberate indifference. Id.

On appeal, Murphy does not dispute that he received basic medical attention from a doctor after the fight, nor does he challenge that he was given the opportunity to tell the doctor his medical complaints and request treatment. Based on the facts alleged in Murphy's complaint, we cannot say Murphy received care so inadequate as to amount to a constitutional violation. Moreover, as to the claim of delayed medical care, Murphy's allegations do not state which individual defendants delayed his medical care, and so he has failed to provide the causal connection between an official's acts or omissions and his injuries that is required to support a § 1983 claim. Finally, the medical unit cannot be sued under § 1983, because it is not a person.