United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 4, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 06-10968

PENELOPE LYNCH,

Plaintiff-Appellant,

versus

BAYLOR UNIVERSITY MEDICAL CENTER,

Defendant - Appellee.

Appeal from the United States District Court for
the Northern District of Texas

_____

Before REAVLEY, GARZA, and DENNIS,[*] Circuit Judges.

PER CURIAM:[**]

The judgment of the district court is affirmed for these reasons:

1.     We will assume that an employer's denial of access to its internal grievance

proceeding, responding to the filing of a Title VII charge by the employee,

---

[*] Concurring in judgment only.

[**] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

can violate the anti-retaliation provision. That may be true even where the internal proceeding and the resolution are purely discretionary with the employer, as is true here. We do suggest that the employer should explain in its policy that the internal proceeding is not available when legal charges are pending.

2. The problem with appellant's case is the absence of injury or harm either as of the employer's action or as adjudicated by the judgment on appeal. Harm is required by the Burlington decision and its absence is the position advanced by appellee. Appellant had no discrimination claim of substance. Only speaking of gender and religious discrimination, her evidence showed merely a disagreement between appellant and another nurse. The district court entered summary judgment for that reason, and appellant makes no objection. This complaint would have gained nothing for appellant if pursued the internal route. Appellant suffered no harm then or now.

AFFIRMED.