

# COURT OF APPEALS
## EIGHTH DISTRICT OF TEXAS
### EL PASO, TEXAS

| | § | |
|---|---|---|
| THE UNIVERSITY OF TEXAS AT EL PASO, | § | No. 08-14-00314-CV |
| | § | Appeal from |
| Appellant, | § | County Court at Law No. 3 |
| v. | § | of El Paso County, Texas |
| DIANA RUIZ ESPARZA, | § | (TC # 2013-DCV-4283) |
| Appellee. | § | |

## OPINION CONCURRING IN PART AND DISSENTING IN PART

I concur with the majority that issue preclusion does not bar Esparza's claims and that Esparza should be allowed the opportunity to replead her age, national origin, and gender claims because her pleadings, although deficient, do not affirmatively negate the existence of jurisdiction. I respectfully dissent, however, to the majority's decision to remand Esparza's retaliation claim. In my opinion, UTEP presented sufficient evidence to establish a lack of causation by showing that Esparza's retaliation claim arose from alleged defects in a hearing that occurred after her termination. It then became Esparza's burden to present some evidence to raise a fact issue that any defects in the post-termination hearing were somehow a causal factor in her termination. Because Esparza did not present any such evidence, her retaliation claim should be dismissed.

We were faced with a similar issue in *Esparza I*. There, we noted that it is axiomatic that a plaintiff cannot show a causal link in a retaliation case when the employer's alleged acts occurred before the plaintiff engaged in a protected activity. *Esparza v. Univ. of Texas at El Paso*, 471 S.W.3d 903, 914 (Tex.App.--El Paso 2015, no pet.). In holding that the jurisdictional evidence negated causation on Esparza's retaliation claim in *Esparza I*, we relied in part on *Canutillo Indep. Sch. Dist. v. Farran*, 409 S.W.3d 653 (Tex. 2013). *Id.*

In *Farran*, the Texas Supreme Court considered whether the jurisdictional evidence negated causation in Farran's claim under the Whistle Blower Act. After the school board had given notice of its intent to terminate him, Farran made a report of an alleged crime to the FBI. 409 S.W.3d at 656. The Supreme Court held that in order to prevail on a theory that the FBI report caused his termination, Farran had the burden to show that but for his FBI report, the school district would have changed its mind and retained him. *Id.* Farran, like Esparza, claimed that in a subsequent due process hearing held after the school board had given notice of its intent to terminate, he was unable to present evidence relevant to his whistleblower claims. *Id.* The Supreme Court held that: "Regardless, the record is devoid of evidence that the board would have been persuaded to change its mind but for the report to the FBI, that the report had any influence on the hearing officer's recommendation that the initial termination decision be sustained, or that the report otherwise played a role in the board's preliminary or final termination decisions." *Id.*

Similarly, once UTEP demonstrated through jurisdictional evidence that the due process hearing occurred *after* Esparza's termination, Esparza had the burden to present evidence to at least raise a fact issue that any defects in the post-termination hearing were somehow a causal factor in her termination. To do this, Esparza could have presented the evidence she claims she

2

was barred from presenting at the post-termination hearing, in order to show that UTEP would have been persuaded to change its mind but for its exclusion. Or assuming *Cantu v. Hidalgo County*, 398 S.W.3d 824, 829 (Tex.App.--Corpus Christi 2012, pet. denied) applies, Esparza could have presented some evidence showing that the remedies and procedures of UTEP's post-termination process entitled her to a better chance of reinstatement or more relief than TCHRA. But, because Esparza presented no such evidence, her retaliation claim should have been dismissed. Accordingly, I would sustain UTEP's third issue and dismiss the retaliation claim.

September 28, 2016

STEVEN L. HUGHES, Justice