NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0104n.06
Filed: February 14, 2008

No. 07-1078

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| KAREN A. WILLARD, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| JOHN E. POTTER, Postmaster General, | ) | EASTERN DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellee. | ) | |

Before: MOORE, CLAY, and ROGERS, Circuit Judges.

**Rogers, Circuit Judge.** Plaintiff Karen A. Willard appeals the district court's grant of summary judgment in favor of Defendant Postmaster General in this employment discrimination case. Relying on the Rehabilitation Act, Willard claims that she suffered disability discrimination when she was terminated from her job with the United States Post Office in Saginaw, Michigan. She argues that the Postal Service should have accommodated her disability by reassigning her to a different position, but she has failed to identify a vacant, funded position to which she could have been reassigned. Because the identification of such a position is an element of Willard's case, the district court properly entered summary judgment in favor of the defendant. We therefore affirm.

Willard was hired as a letter carrier in the Saginaw Post Office in December of 1985. Approximately four and a half years later, on May 29, 1990, she injured her back while disembarking

from her postal vehicle. The next day, she was instructed by a doctor to stay home from work, and she did so for the next two years. During that time, she collected workers' compensation benefits. In July of 1992, after undergoing back surgery, Willard returned to part-time work at the post office entering data on a computer. She claims to have had difficulty performing some of the responsibilities of her new position, such as bending over and getting down on her knees on cement floors to read computer printouts, and by July of 1993 she was back on workers' compensation benefits and was no longer working.

In 1995, the United States Postal Inspection Service received a tip indicating that Willard was not disabled. Willard's doctor, however, maintained that Willard was indeed disabled. After Postal Inspectors conducted surveillance of Willard, the Office of Workers' Compensation Programs ("OWCP") ordered her to be evaluated by an independent physician. When the independent physician's report conflicted with the report of Willard's physician, Willard was sent to a second independent physician. The examinations of the independent physicians took place in March of 1999, and February of 2000, respectively.

Before OWCP evaluated the independent physicians' reports, Willard was extended an offer for a rehabilitation job as a security camera monitor at the Saginaw Post Office. That job was only available to individuals who were receiving workers' compensation, and was considered "a make-work job under OWCP to attempt to bring people back onto the payroll." Decl. of Joseph Oostermeyer at 3, J.A. at 130. The position was funded from a special budget as mandated by the

Department of Labor and was only available to individuals who were suffering from a work-related injury. Willard accepted the rehabilitation job and began that work on July 1, 2000.

On September 8, 2000, OWCP notified Willard that it intended to terminate her workers' compensation benefits — including her rehabilitation job — on the ground that the independent medical opinions had found her work-related injury to have healed. Just over a month later, on October 13, 2000, Willard's benefits were terminated. The Saginaw postmaster, Joseph Oostermeyer, informed Willard that she had to return to her previous full-time job as a letter carrier, or, if she was unable to meet the physical requirements of that job, she could request a light duty assignment. Willard requested to be reinstated to her position as a security monitor, or in the alternative, to be given a light duty position. Oostermeyer informed Willard that, although she was not eligible to return to the security monitor job, the post office would conduct a review of its employment vacancies to determine if any available work would be compatible with the physical limitations that she claimed to have. Susan Hauffe, the Human Resource Specialist at the Saginaw Post Office, sent a letter to all of the department heads asking if they had available jobs that could be performed by someone with Willard's limitations. Each department head responded that no such positions were available.

In September of 2001, Oostermeyer informed Willard that her employment with the United States Postal Service would be terminated if she did not return to work as a letter carrier. He suggested, however, that the plant manager might be able to find light duty work for her if she were willing to be reassigned to a different craft. Further, he proposed that she might be eligible for

disability retirement benefits. Willard asked the plant manager about the possibility of receiving a light duty position in another craft, but he responded that no such positions were available. Willard did, however, apply for and receive disability retirement benefits. Her employment with the Postal Service ceased on July 26, 2002, after an arbitration panel upheld the decision to terminate her.

The defendant is entitled to summary judgment because Willard essentially concedes that she cannot establish an element of her case. A prima facie case of disability discrimination under the Rehabilitation Act — which provides the exclusive remedy for federal employees alleging disability discrimination — requires the plaintiff to show that: (1) she is a disabled person under the Act; (2) she is otherwise qualified for the position; (3) the employer was aware of her disability; (4) an accommodation was needed; and (5) the employer failed to provide the necessary accommodation. *See Gaines v. Runyon*, 107 F.3d 1171, 1175 (6th Cir. 1997) (citing *Kocsis v. Multi-Care Mgmt., Inc.*, 97 F.3d 876, 882-83 (6th Cir. 1996)). Implicit in the plaintiff's duty to demonstrate that the employer failed to provide the necessary accommodation is the duty to identify the necessary accommodation. In cases like this, where the plaintiff claims that she should have been accommodated by reassignment to another position, identifying the necessary accommodation requires the plaintiff to identify the position to which she should have been reassigned. Therefore, as part of her prima facie case, the plaintiff must identify a vacant, funded position for which she was qualified, with or without accommodation, that existed at the time of her request for reassignment. *See Peltier v. United States*, 388 F.3d 984, 989 (6th Cir. 2004) (citing *Mengine v. Runyon*, 114 F.3d 415, 418 (3d Cir. 1997)). Her admitted failure to identify such a position precludes her from

establishing a prima facie case. Therefore, the defendant is entitled to summary judgment because Willard "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Willard argues that her failure to establish a prima facie case is immaterial because the failure of a defendant in its duty to engage in an interactive process somehow renders unnecessary the identification for litigation purposes of a vacant, funded position that the interactive process would have led to. The Postal Service contends that it did engage in a sufficient interactive process, but we need not decide whether or not it did. Even if it did not, summary judgment is warranted by the failure of the plaintiff after discovery to identify a vacant, funded position that the interactive process would have led to. The Third Circuit opinion in *Mengine*, relied upon by the plaintiff in this regard, does not support the plaintiff's position. Indeed, in *Donahue v. Consolidated Rail Corp.*, 224 F.3d 226 (3d Cir. 2000), the Third Circuit clarified *Mengine* and explicitly rejected the argument currently being made by Willard. The *Donahue* court held that:

> in a failure-to-transfer case, if, after a full opportunity for discovery, the summary judgment record is insufficient to establish the existence of an appropriate position into which the plaintiff could have been transferred, summary judgment must be granted in favor of the defendant — even if it also appears that the defendant failed to engage in good faith in the interactive process.

*Id.* at 234.

Willard's final contention is that summary judgment was improper because the defendant had not satisfied its burden of proving that the requested accommodation was unreasonable. For this

argument, she relies on the statement in *Hall v. United States Postal Service*, 857 F.2d 1073 (6th Cir. 1988), that "[t]he burden is on the *employer* to present credible evidence that a reasonable accommodation is not possible in a particular situation." *Id.* at 1080 (citations omitted). *Hall* is distinguishable because there is no "particular situation" for the employer to address here since Willard has not identified any vacant, funded positions that she was qualified to perform. In *Hall*, the court was faced with the question of whether a reasonable accommodation would enable the plaintiff to perform the functions of an already identified position; it was not presented with the threshold issue of the need to identify a position in the first place. Such identification is part of a plaintiff's prima facie case, and the plaintiff must first establish a prima facie case before she can prevail on a claim of disability discrimination. *See Gaines v. Runyon*, 107 F.3d 1171, 1175 (6th Cir. 1997). Once that has happened, "the burden shifts to the employer to demonstrate that the employee cannot reasonably be accommodated . . . ." *Id*. If, however, "the plaintiff fails to establish a *prima facie* case, it is unnecessary to address the question of reasonable accommodation." *Id.* at 1176 (citing *Jasany v. U.S. Postal Serv.*, 755 F.2d 1244, 1250 (6th Cir. 1985); *Sisson v. Helms*, 751 F.2d 991, 993 (9th Cir.), *cert. denied*, 474 U.S. 846 (1985); *Daubert v. U.S. Postal Serv.*, 733 F.2d 1367 (10th Cir. 1984); *Pushkin v. Regents of Univ. of Colo.*, 658 F.2d 1372, 1387 (10th Cir. 1981)). Because Willard has not established a prima facie case, the defendant was never confronted with the burden of demonstrating that the proposed accommodation was not reasonable. Therefore, the plaintiff cannot survive summary judgment on the basis that the defendant did not meet that burden.

Finally, the defendant argues that summary judgment should be affirmed on the alternative ground that Willard is not disabled. There is no need to address this issue, however, because the district court's decision is fully supported by Willard's failure to establish a prima facie case.

The district court's grant of summary judgment in favor of the defendant is AFFIRMED.