# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON REMAND

## NO. 03-18-00153-CV

Texas Department of Transportation, Appellant

v.

Albert Lara, Jr., Appellee

## FROM THE 345TH DISTRICT COURT OF TRAVIS COUNTY
## NO. D-1-GN-16-005836, THE HONORABLE JAN SOIFER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This is an employment-discrimination dispute brought under the Texas Commission on Human Rights Act, Tex. Lab. Code §§ 21.001–.556. The matter appears before the Court on remand from the Supreme Court of Texas, which has instructed us to "adjudicate in the first instance" the Texas Department of Transportation's challenge to the district court's denial of its motion to dismiss plaintiff Albert Lara, Jr.'s claim of discrimination under Section 21.051 of the Act. *Texas Dep't of Transp. v. Lara*, 625 S.W.3d 46, 61 (Tex. 2021). We will affirm the only provision of the order remaining before this Court.

The facts of this dispute are well established.[1]  We will therefore proceed to the analysis of the issue before the Court.  *See id.* ("[W]e have already held in our analysis of Lara's failure-to-accommodate claim that the evidence is sufficient to raise a fact issue when the Department terminated Lara, he had requested just five more weeks of leave and thus remained a qualified individual.  . . .  Lara's ability to proceed on his Section 21.051 claim therefore turns on causation.").

To overcome the Department's combined motion for summary judgment and plea to the jurisdiction, Lara had the burden to "raise at least a genuine issue of material fact" on each element of his claim.  *See Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 771 (Tex. 2018); *see also Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 635 (Tex. 2012) ("[T]he plaintiff is then required to show that a disputed material fact exists regarding the jurisdictional issue.").  To determine whether he has met that burden, "we must take as true all evidence favorable to [him], indulging every reasonable inference and resolving any doubts in [his] favor."  *See Alamo Heights*, 544 S.W.3d at 771.

Under Section 21.051, it is "an unlawful employment practice" for an employer to "discharge[ ] an individual" because of disability or any other characteristic protected by the Act.  *See* Tex. Lab. Code § 21.051.  The elements of a Section 21.051 disability-discrimination claim include that the plaintiff:  (1) has a disability, (2) was qualified for the job, and (3) suffered an adverse employment decision because of that disability.  *Green v. Dallas Cnty. Schs.*, 537 S.W.3d 501, 503 (Tex. 2017) (per curiam).  In this case, the high court has already determined that Lara had a disability and was qualified for the job; we therefore consider only

---

[1]  *See Texas Dep't of Transp. v. Lara*, 625 S.W.3d 46, 49–52 (Tex. 2021); *Texas Dep't of Transp. v. Lara*, 577 S.W.3d 641, 645 (Tex. App.—Austin 2019, pet. granted), *aff'd in part, remanded in part*, 625 S.W.3d 46 (Tex. 2021).

the third element—whether Lara suffered his termination "because of" his disability. *Lara*, 625 S.W.3d at 61.

Under the governing standard, Lara has generated a genuine fact issue as to whether he was terminated because of his disability. In a deposition transcript appended to Lara's response to the motion to dismiss, a Department representative attested that he had decided to terminate Lara at least in part because he was unable to come to work "due to his limitations" and because "he was recovering" from his illness. And in its letter terminating[2] Lara, the Department referred to Lara's medical paperwork, which revealed the details of his disability and anticipated recovery, as a justification for termination. That letter then invited Lara to reapply for a position if he recovered from that disability. At trial, the Department testified that Lara was not terminated due to disability but because his "lengthy absence" was "taking a toll on the office." Because we must resolve any doubts in Lara's favor, *see Alamo Heights*, 544 S.W.3d at 771, we conclude Lara has satisfied his burden to generate a genuine question of fact on the issue.

We affirm the provisions of the district court's order denying the Department's motion to dismiss this claim. We remand this matter to the district court for further proceedings consistent with this opinion and the opinion issued by the Supreme Court of Texas.

---

[2] The letter refers to the termination as an "administrative separation."

3

_____

Edward Smith, Justice

Before Justices Baker, Kelly, and Smith

Affirmed on Remand

Filed:   November 19, 2021